**CASE NO. 09-1049**
**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

THURMAN HARRISON, JR.,

    Plaintiff-Petitioner - Appellant,

v.

UNIVERSITY OF COLORADO HEALTH SCIENCE
CENTER, et al.,

    Defendant/Respondent - Appellee.

On Appeal from the United States District Court
For the District of Colorado
The Honorable Chief Judge Wiley Y. Daniel
D.C. No. 1:08-cv-00398-WYD-MJW

**APPELLEE'S ANSWER BRIEF**

    Respectfully submitted,

                        PATRICK T. O'ROURKE
                        Managing Associate University Counsel
                        Office of University Counsel
                        1800 Grant Street, Suite 700
                        Denver, Colorado 80203
                        303-860-5691

**The University does not request Oral Argument**

## Corporate Disclosure Certificate

The University of Colorado Health Sciences Center is a governmental entity of the State of Colorado.  The Peer I Therapeutic Community is a governmental program organized under the University of Colorado Health Sciences Center.  A Corporate Disclosure Certificate is not required under Rule 26.1

# TABLE OF CONTENTS

**Statement of the Issues**................................................................ ......1

**Statement of the Case**............................................................... 1

*I.  The Second Amended Complaint is the Operative Pleading*.....................................1

*II.  Motion to Dismiss*.................................................................................3

*III. Magistrate Judge Watanabe's Recommendations*......................................... ......4

*IV.  Judge Daniel's Order Accepting and Affirming the Magistrate's Recommendations*............... 5

**Summary of the Argument**.................................................................7

**Argument**.................................................................... 8

*I.  The University and the University's Employees are Immune From Suit Under the Eleventh Amendment to the United States Constitution*..................................................8

A.  <u>Standard of Review</u>.................................................................. 8

B.  <u>The University and its Employees Are Entitled to Eleventh Amendment Immunity</u>..................................................................8

*II.  Mr. Harrison Fails to State Claims Upon Which Relief Can Be Granted*..........................10

A.  <u>Standard of Review</u>.................................................................10

B.  <u>Mr. Harrison Fails to State a Claim for Violating a Privacy Regulation</u>................. 11

C.  <u>Mr. Harrison Fails to Allege a Due Process Violation</u>.............................. .....15

D.  <u>Plaintiff Fails to Allege An Eighth Amendment Violation</u>............................ .....16

**Conclusion**……………………………………………………………………..18

**Certificate of Compliance**…………………………………………………….19

**Certificate of Service**………………………………………………………… 20

# TABLE OF AUTHORITIES

**Cases**

*Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 925 (9th Cir. 2001) ........... 8

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007) ................................................10

*Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ............................. 8

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007)................................10, 11

*Boswell v. Skywest Airlines*, 361 F.3d 1263, 1270 (10th Cir. 2004)........................12, 15

*Brandon v. Holt,* 469 U.S. 464, 472 (1985)....................................................   9

*Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617 (1978) ...................14

*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991)................................11

*Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002)................................................14

*Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971)............................................ 8

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)..............................................11

*Hartman v. Regents of the University of Colorado*, 22 P.3d 524, 527-29 (Colo. App. 2000) ..... 9

*Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986)................................7, 15, 16

*Jenner v. McDaniel,* 123 Fed. Appx. 900 (10th Cir. 2005) ................................ 7, 17, 18

*Kane County Utah v. Salazar*, 562 F.3d 1077, 1085 (10th Cir. 2009) ............................10

*Kentucky V. Graham,* 473 U.S. 159, 165 (1985).........................................   9, 10

*Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) ...............................................12

*Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, n.55 (1978)....... 9

*Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996) ..........................................11

*Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) ...................11

*Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989) .....................................7, 9

*Smith v. Plati*, 258 F.3d 1167, 1171, n.1 (10th Cir. 2001) .....................................7, 9

*Steadfast Insurance Company v. Agricultural Insurance Company*, 507 F.3d 1250, 1253 (10th Cir. 2007) ............................................................................................... 8

*University of Colorado Hospital Authority v. Denver Publishing Company*, 340 F.Supp.2d 1142, 1146 ...............................................................................................13

*Wisehart v. Meganck*, 66 P.3d 124, 126 (Colo. 2002) ...............................................16

*Zwygart v. Board of County Commissioners of Jefferson County,* 483 F.3d 1086, 1093 (10th Cir. 2007) ...............................................................................................16

**Rules and Regulations**

Fed. R. Civ. P 12(b)(6)..................................................................................... 3
Fed. R. Civ. P. 12(b)(1)................................................................................... 3
Fed. R. Civ. P. 12(b)(6)..................................................................................10
65 Fed. Reg. 82,566 (Dec. 28, 2000)..................................................... 12
45 C.F.R. §164.101 et seq. ...........................................................................12
5 U.S.C. 552(a)..............................................................................................13
42 C.F.R. Part 2.............................................................................................. 13
42 C.F.R. §2.3 - §2.4 ....................................................................................14

**Statutes**

42 U.S.C. § 1320d-5(a)(1)........................................................................ 12
42 U.S.C. §1983...................................................................................passim
42 U.S.C. §1997(1)(1) ...............................................................................15
42 U.S.C. §1997e(e)................................................................................. 5, 17
42 U.S.C. §1997e(h) ...................................................................................15

**Other Authorities**

Colo. Const. Article VIII, §1.......................................................................9
Colo. Const. Article VIII, §V ..................................................................... 9

**PRIOR OR RELATED APPEALS**

None.

**Statement of the Issues**

Whether the trial court properly dismissed an inmate's claims arising under 42

U.S.C. §1983 where:

(a)    the University and any official capacity defendants were immune from suit

under the Eleventh Amendment to the United States Constitution;

(b)    the federal privacy law the inmate relies upon does not create a private cause

of action;

(c)    the inmate has not identified a property interest sufficient to trigger a due

process claim; and

(d)    the inmate has not pled a viable claim arising under the Eighth Amendment.

**Statement of the Case**

I.    *The Second Amended Complaint is the Operative Pleading*

In June 2008, Plaintiff Thurman Harrison, Jr. filed his Second Amended Complaint

in the United States District Court for the District of Colorado.  The Second Amended

Complaint names the University of Colorado Health Sciences Center, the Peer I

Therapeutic Community, and four staff members of the Peer I program as defendants.[1]

---

[1]    *Second Amended Complaint*, *§A(1-8),* Vol. 1 of Record, Pages 16-19.

Mr. Harrison is a prisoner whose complaint arises from the terms of his incarceration in the Peer I Therapeutic Community.[2]  The Peer-I Therapeutic Community is a long-term residential treatment program for adult males with substance abuse problems.  The Department of Corrections refers inmates, such as Mr. Harrison, to Peer I, but retains the right to return an inmate to a higher level of incarceration if he does not successfully complete the Peer I program.  Mr. Harrison claims that Peer I is subject to Colorado Department of Correction rules regarding supervision.[3]  The Peer I Therapeutic Community is part of the University of Colorado Health Sciences Center.[4]

Peer-I is a highly structured program that utilizes an array of treatment approaches to help individuals eliminate drug use and related anti-social behavior.  Ultimately, Mr. Harrison described in his appeal that he "walked away" from the Peer I Program[5] returned to the Department of Corrections, and he is currently a resident of the Freemont Correctional Facility in Canon City, Colorado.[6]

---

[2]    *Second Amended Complaint*, *§C, Claim 1,* Vol. 1 of Record, Page 17.

[3]    *Second Amended Complaint*, *§C,* Vol. 1 of Record, Page 17.

[4]    *Second Amended Complaint*, *§A(3),* Vol. 1 of Record, Page17.

[5]    *Opening Brief* at Page 2.

[6]    *Second Amended Complaint*, *§A(1),* Vol. 1 of Record, Page 17.

Among the requirements of the Peer I program is that residents obtain employment. Mr. Harrison alleges that Peer I staff members improperly disclosed information protected by state and federal regulations to his employer, who then terminated Mr. Harrison's employment based on this information.[7] Mr. Harrison further alleges that Peer I violated his "due rights" when "the plaintiff was withheld from going to work without knowing why."[8] Finally, Mr. Harrison alleges that the University recklessly endangered his life by instigating a hostile prison environment.[9] Mr. Harrison does not claim that he suffered any physical injury.

II.     *Motion to Dismiss*

The University[10] moved to dismiss Mr. Harrison's claims under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P 12(b)(6). The University contended that it (and its employees acting in their official capacities) was immune from suit under the Eleventh Amendment to the United States Constitution. The University also contended that Mr. Harrison failed to state any viable individual capacity claims against its employees.

---

[7]     *Second Amended Complaint*, *§D(1),* Vol. 1 of Record, Page 18.

[8]     *Second Amended Complaint*, *§D(2),* Vol. 1 of Record, Page 20.

[9]     *Second Amended Complaint*, *§D(3),* Vol. 1 of Record, Page 21.

[10]     For ease of reference, this brief will refer to the collective defendants as "the University."

III.     *Magistrate Judge Watanabe's Recommendations*

United States Magistrate Judge Michael J. Wantanabe "very carefully" reviewed the allegations of Mr. Harrison's Second Amended Complaint,[11] considered the Motion to Dismiss, and made detailed recommendations to the trial court.  Those recommendations were as follows:

- Dismissal of the claims against the University (and any official capacity claims against the University's employees) on the grounds of Eleventh Amendment immunity.[12]

- Dismissal of Mr. Harrison's claim for unauthorized disclosure on the grounds that the regulations implementing the Health Care Portability and Accountability Act do not create an implied cause of action.[13]

- Dismissal of Mr. Harrison's due process claim on the grounds that Mr. Harrison did not have a due process right in employment during the period of his incarceration.[14]

---

[11]     *Recommendation on Motion to Dismiss*, Vol. 1 of Record, Page 84.  For the Court's ease of reference a copy of the *Recommendation* is attached as <u>Exhibit A</u>.

[12]     *Recommendation on Motion to Dismiss*, Vol. 1 of Record, Page 87.

[13]     *Recommendation on Motion to Dismiss*, Vol. 1 of Record, Page 88.

[14]     *Recommendation on Motion to Dismiss*, Vol. 1 of Record, Page 89.

- Dismissal of Mr. Harrison's "hostile environment" claim, to the extent that he sought compensatory damages, on the grounds that he had not claimed any physical injury, thus failing to satisfy *42 U.S.C. §1997e(e).*[15]

- Dismissal of Mr. Harrison's "hostile environment" claim, to the extent that he sought nominal or punitive damages, on the grounds that he had not identified constitutionally sufficient conditions to violate the Eighth Amendment.[16]

- Dismissal of any pendent state law claims because there was no compelling reason for the Court to retain jurisdiction in the absence of a viable federal claim.[17]

IV.    *Judge Daniel's Order Accepting and Affirming the Magistrate's Recommendations*

Mr. Harrison filed an objection to Magistrate Judge Watanabe's recommendation, which caused United States District Court Judge Wiley Daniel to conduct a *de novo* review of the claims and the recommendation.[18]  Judge Daniel concluded:

- Mr. Harrison did not identify any federal rule or regulation that allows for a private right of action for breaching a privacy regulation.[19]

---

[15]    *Recommendation on Motion to Dismiss*, Vol. 1 of Record, Page 90.

[16]    *Recommendation on Motion to Dismiss*, Vol. 1 of Record, Page 91.

[17]    *Recommendation on Motion to Dismiss*, Vol. 1 of Record, Page 92.

[18]    *Order Accepting and Affirming Recommendation of United States Magistrate Judge*, Vol. 1 of Record, Page 102.  For the Court's ease of reference a copy of Judge Daniel's *Order* is attached as Exhibit B.

- Mr. Harrison did not identify a property interest sufficient to trigger due process protections.[20]

- Mr. Harrison failed to state a viable claim for an alleged violation of the Eighth Amendment under Tenth Circuit precedent.[21]

- Mr. Harrison failed to state why the trial court should exercise its pendent jurisdiction over any state law claims.

Finding no viable federal claim, Judge Daniel dismissed the Second Amended Complaint with prejudice and judgment entered in the University's favor.

---

[19]     *Order Accepting and Affirming Recommendation of United States Magistrate Judge*, Vol. 1 of Record, Page 101.

[20]     *Order Accepting and Affirming Recommendation of United States Magistrate Judge*, Vol. 1 of Record, Page 101.

[21]     *Order Accepting and Affirming Recommendation of United States Magistrate Judge*, Vol. 1 of Record, Page 101.

## Summary of the Argument

The Magistrate Judge and the trial court each carefully considered Mr. Harrison's Second Amended Complaint.  Mr. Harrison failed to state a claim upon which relief can be granted, which resulted in the dismissal of his lawsuit. The University respectfully contends that the trial court properly dismissed Mr. Harrison's Second Amended Complaint.

Specifically, Mr. Harrison's claims are barred by federal law and Tenth Circuit precedent for the following reasons:

- The University (and its employees) enjoy immunity from suit under the Eleventh Amendment to the United States Constitution. *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989); *Smith v. Plati*, 258 F.3d 1167, 1171, n.1 (10th Cir. 2001).

- No federal law creates an actionable claim for the disclosure of information related to an inmate's treatment.

- Mr. Harrison does not possess a property or liberty interest in prison employment. *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986).

- Mr. Harrison's claims fail, as a matter of law, to state a potential Eighth Amendment violation.  *Jenner v. McDaniel,* 123 Fed. Appx. 900 (10th Cir. 2005).[22]

---

[22]     The trial court explicitly relied upon the unpublished *Jenner* opinion in its ruling.  For the Court's ease of reference, the University has attached a copy of the *Jenner* opinion as <u>Exhibit C</u>.

# Argument

I.    *The University and the University's Employees are Immune From Suit Under the Eleventh Amendment to the United States Constitution*

A.    Standard of Review

Eleventh Amendment immunity is a question of federal law that the Tenth Circuit reviews on a *de novo* basis.  *Steadfast Insurance Company v. Agricultural Insurance Company*, 507 F.3d 1250, 1253 (10th Cir. 2007).  Whether this Court has subject matter jurisdiction "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction."  *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971).  Under this standard, a plaintiff must show that sovereign immunity does not apply and that the Court has subject matter jurisdiction.  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

B.    The University and its Employees Are Entitled to Eleventh Amendment Immunity

Mr. Harrison does not explicitly state that his claims ostensibly arise under 42 U.S.C. §1983, but the University assumes they do because there is no direct cause of action available under the United States Constitution.  *See Arpin v. Santa Clara Valley Transportation Agency,* 261 F.3d 912, 925 (9th Cir. 2001) (stating that "a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must use 42 U.S.C. §1983").

*Article VIII* of the Colorado Constitution creates a number of state institutions and states, "Educational, reformatory, and penal institutions . . . and such other institutions as the public good may require, shall be established and supported by the state, in such manner as may be prescribed by law." *Colo. Const. Article VIII, §1.* Within this broad grant of authority, the Colorado Constitution created the University of Colorado as a state institution of higher education. *Colo. Const. Article VIII, §V.*

As constitutionally created state entities, the University of Colorado and the its campuses enjoy Eleventh Amendment immunity from suits brought under 42 U.S.C. §1983. *Hartman v. Regents of the University of Colorado*, 22 P.3d 524, 527-29 (Colo. App. 2000); *Rozek v. Topolnicki*, 865 F.2d 1154, 1158 (10th Cir. 1989). To the extent that Mr. Harrison's claims could be read as asserting official capacity claims against University employees, the Eleventh Amendment also bars official capacity claims. *Smith v. Plati*, 258 F.3d 1167, 1171, n.1 (10th Cir. 2001).[23]

---

[23]     "Official capacity" suits, are a method of pleading "an action against an entity of which an officer is an agent." *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690, n.55 (1978). Stated another way, official capacity claims are brought against public officials, but are really claims against the governmental office that the official holds. *Kentucky v. Graham*, 473 U.S.159, 165 (1985). A judgment against a public official in his official capacity imposes liability not on the particular individual, but on the government entity the official represents. *Brandon v. Holt*, 469 U.S. 464, 472 (1985). For this reason, "in all respects other than name," an official capacity suit, is "treated as a suit against the entity." *Graham*, 473 U.S. at 165.

Consequently, the University requests that the Court dismiss any claims for relief asserted against the University, the Peer I program, or its officials as barred by the Eleventh Amendment to the United States Constitution.

II.    *Mr. Harrison Fails to State Claims Upon Which Relief Can Be Granted*

A.    <u>Standard of Review</u>

Assuming that Mr. Harrison intended to plead individual capacity claims[24] against the University's employees,[25] those claims were dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The Tenth Circuit reviews Rule 12(b)(6) dismissals *de novo*.  *Kane County Utah v. Salazar*, 562 F.3d 1077, 1085 (10th Cir. 2009).

A Rule 12(b)(6) motion alleges that the complaint fails to state a claim upon which relief can be granted.  Under United States Supreme Court precedent, a court may dismiss a complaint that fails to plead "enough facts to state a claim that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).   Under *Twombly*, a plaintiff does not need to provide "detailed factual allegations," but may not simply rely upon "a formulaic

---

[24]    "Individual capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law."  *Graham*, 473 U.S. at 165.

[25]    Judge Daniel determined that "Plaintiff has sued only the Defendants in their official capacity."  *Order Accepting and Affirming Recommendation of United States Magistrate Judge*, Vol. 1 of Record, Page 102.  The University agrees that the Second Amended Complaint does not demonstrate any intention to present individual capacity claims, but the University is addressing the substantive claims should the Court believe that Mr. Harrison has adequately pled individual capacity claims.

recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. For this reason, the Tenth Circuit requires a plaintiff not merely to describe that his claims are "conceivable" under a hypothetical set of facts, but instead to prove that "this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

Although Mr. Harrison's *pro se* pleadings are to be liberally construed, the courts will not advocate for a *pro se* litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Accordingly, the Court has stated that it will "not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). Liberal construction does not relieve a *pro se* plaintiff of his burden to present sufficient facts to state a legally cognizable claim. *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).

B. <u>Mr. Harrison Fails to State a Claim for Violating a Privacy Regulation</u>

Mr. Harrison's First Claim for Relief asserted that Peer I "staff members . . . gave out information to [his employer] when the plaintiff did not sign a release of information for [the employer]."[26] He explained that "[t]here are Federal and State statute[s] and regulations that prohibit[] state workers and counselors from releasing information about a client within

---

[26]     *Second Amended Complaint*, *§D(1),* Vol. 1 of Record, Pages 18-19.

a therapeutic setting. …"[27]    Mr. Harrison did not identify the pertinent state laws or regulations, but a violation of state law will not give rise to a claim under *42 U.S.C. §1983*. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

Because Mr. Harrison did not respond to the Motion to Dismiss, Magistrate Judge Watanabe assumed that Mr. Harrison intended to state a claim arising from the regulations implementing the Health Insurance Portability and Accountability Act. [28]  HIPAA's privacy regulations impose restrictions upon a "covered entity's" use and disclosure of "protected health information." *See 45 C.F.R. §164.101 et seq.*  These regulations, however, do not provide a private cause of action.  65 Fed. Reg. 82,566 (Dec. 28, 2000).

HIPAA provides no indication that Congress intended to create a private right of enforcement.  Rather, HIPAA expressly confers civil enforcement rights on the Secretary of Health and Human Services.  *42 U.S.C. § 1320d-5(a)(1).*  When Congress creates "specific means of enforcing the statute, [it] indicates that it did not intend to allow an additional remedy—a private right of action—that it did not expressly mention at all." *Boswell v. Skywest Airlines*, 361 F.3d 1263, 1270 (10th Cir. 2004).  Because Congress has provided no indication that it intended to create a private right of action, the United States District Court for the District of Colorado has concluded that no civil action exist for violation of HIPPA's

---

[27]    *Second Amended Complaint*, *§D(1), Vol. 1 of Record, Page 19.*

[28]    *Recommendation on Motion to Dismiss*, Vol. 1 of Record, Page 88.

privacy regulations. *University of Colorado Hospital Authority v. Denver Publishing Company*, 340 F.Supp.2d 1142, 1146 (rejecting argument that "failure to recognize an implied right of action would 'effectively frustrate' the purposes of HIPAA").

In his objection to the Magistrate Judge's Recommendation, Mr. Harrison claimed that he was not relying upon the HIPAA regulations, but was instead relying upon the "Mental Health Act." Judge Daniel determined that Mr. Harrison had "failed to properly plead any such regulation that provides for a private right of action" and upheld the Magistrate Judge's recommendation.[29]

On appeal, the University believes that Mr. Harrison has attempted to identify two potential sources for his claims, *5 U.S.C. 552(a)*[30] and *42 C.F.R. Part 2*.[31] Neither gives rise to a cause of action.

*5 U.S.C. 552(a)* does not create any obligation that would require Peer I to maintain confidential information. Instead, this statute details the types of records that a federal agency must make available for public inspection. Even if the University or Peer I were federal agencies, which they are not, a violation of this statute would not give rise to Mr. Harrison's claims.

---

[29]     *Order Accepting and Affirming Recommendation of United States Magistrate Judge*, Vol. 1 of Record, Page 103.

[30]     *Opening Brief* at Page 3.

[31]     *Opening Brief* at Pages 5-6.

*42 C.F.R. Part 2* contains regulations that the Department of Health and Human Service promulgated to "impose restrictions upon the disclosure and use of alcohol and drug abuse patient records which are maintained in connection with <u>the performance of any federally assisted alcohol and drug abuse program</u>." *42 C.F.R. §2.3* (emphasis added). Mr. Harrison has not alleged that Peer I is a "federally assisted alcohol and drug abuse program," and, to the contrary, has alleged that he participated in the program through the Colorado Department of Corrections.

While Mr. Harrison's failure to allege that Peer I is subject to the requirements of *42 C.F.R. Part 2* is fatal to his claims, it is also true that he has failed to demonstrate that he can enforce these regulations through a private right of action. If the regulations do not create a private right of action under the regulations, Mr. Harrison cannot employ *42 U.S.C. §1983* to create one. *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 617 (1978). Instead, the United States Supreme Court has said that it "reject[s] the notion that our cases permit anything short of an unambiguously conferred right to support a cause of action brought under section 1983." *Gonzaga University v. Doe*, 536 U.S. 273, 283 (2002).

The regulations themselves do not create a private right of action, but instead rely upon a mechanism of enforcement through the local United States Attorney's office, with violations punishable by a fine not to exceed $500 for a first offense. *42 C.F.R. §2.3 -§2.4.* These regulations are analogous to the HIPAA regulations in that when Congress (or the

14

Department of Health and Human Services) creates a "specific means of enforcing the statute, [it] indicates that it did not intend to allow an additional remedy—a private right of action—that it did not expressly mention at all." *Boswell*, 361 F.3d at 1270. Judge Daniel properly dismissed Mr. Harrison's claim for failing to plead a statute or regulation "that provides for a private cause of action."

     C.    <u>Mr. Harrison Fails to Allege a Due Process Violation</u>

In his Second Claim for Relief, Mr. Harrison asserted that Peer I staff members deprived him of due process when "the plaintiff was withheld from going to work without knowing why."[32] Under the Prison Litigation Reform Act, Peer I falls within the definition of an "institution" as "a facility . . . owned, operated or managed by. . . any State . . .which is providing . . . custodial or residential care." *42 U.S.C. §1997(1)(1).* Mr. Harrison also falls within the Act's definition of a "prisoner" as someone who was incarcerated in such an institution. *42 U.S.C. §1997e(h).* Accordingly, both the Magistrate Judge and Judge Daniel appropriately followed the Tenth Circuit's holding that "[t]he Constitution does not create a property or liberty interest in prison employment." *Ingram v. Papalia*, 804 F.2d 595, 596 (10th Cir. 1986).

Mr. Harrison responded to the Magistrate Judge's recommendation by arguing that he did not have a prison job, but that he instead enjoyed a property interest in his

---

[32]    *Second Amended Complaint*, *§A(3),* Vol. 1 of Record, Page 20.

employment at a private facility while incarcerated through the Peer I program.  Before the courts will recognize a property interest, however, Mr. Harrison must demonstrate that "under state law" he possesses a "legitimate claim of entitlement" to continued employment at this private facility.  *Zwygart v. Board of County Commissioners of Jefferson County,* 483 F.3d 1086, 1093 (10th Cir. 2007).

The Tenth Circuit has already held, "Colorado law does not create a protected property or liberty interest to either employment in any particular job or continued employment in any particular job."  *Ingram*, 804 F.2d at 597.  This is consistent with the Colorado Supreme Court's determination that employment in Colorado is at-will, except in circumstances that do not apply to Mr. Harrison's case.  *Wisehart v. Meganck*, 66 P.3d 124, 126 (Colo. 2002).  Consequently, Judge Daniel correctly determined that Mr. Harrison failed state a viable due process claim.

D.    Plaintiff Fails to Allege An Eighth Amendment Violation

In his Third Claim for Relief, Mr. Harrison states that staff members at Peer I "created a substantial risk of death or injury" because "other clients were upset over the discipline" that Peer I imposed after Mr. Harrison disclosed their violations of the facility's rules.[33] He claims that he was "in a hostile environment which cause[d] mental distress and

---

[33]    *Second Amended Complaint*, *§D(3),* Vol. 1 of Record*, Page 21.

loss of consortium."[34] He also claims that he had a "confrontation with name calling, humiliation, and abuse."[35]  He did not claim in the trial court, nor does he complain on appeal, that he suffered any physical injury.

As Mr. Harrison does not claim a physical injury, the Prison Litigation Reform Act bars him from bringing a claim for compensatory damages.  *42 U.S.C. §1997e(e)* states:

> No Federal civil action may be brought by a prisoner confined
> to a jail, prison, or correctional facility, for mental or emotional
> injury suffered while in custody without a prior showing of
> physical injury.

But, as the Magistrate Judge and Judge Daniel observed, *42 U.S.C. §1997e(e)* would not necessarily prevent a claim for nominal damages or punitive damages. Consequently, both judges considered whether Mr. Harrison stated a potentially viable for a violation of the Eighth Amendment to the United States Constitution.

In doing so, both judges relied upon the Tenth Circuit's opinion in *Jenner v. McDaniel*, which Judge Daniel described as "completely analogous" to Mr. Harrison's claim.  In *Jenner*, an inmate in a Therapeutic Community Program for alcohol abuse alleged that the program had required him to "inform on other inmates."  As a result of these disclosures, the inmate claimed that he had been labeled a "rat" and a "snitch," that "general population inmates have tampered with his food and laundry," and that he has faced retaliation.  *Jenner*, 123 Fed.

---

[34]      *Second Amended Complaint*, *§D(3),* Vol. 1 of Record, Page 21.

[35]      *Second Amended Complaint*, *§D(3),* Vol. 1 of Record, Page 21.

Appx at *3.  The Tenth Circuit upheld the dismissal of the inmates' Eighth Amendment claim and held that "a plaintiff must establish that he is incarcerated under conditions posing a substantial risk of serious harm and that the defendants were deliberately indifferent to his need for protection." *Jenner*, 123 Fed. Appx at *3.

Mr. Harrison's conclusory allegations fail to meet the standard identified in *Twombley* and *Jenner*.  He has failed to provide any non-conclusory allegations sufficient to demonstrate "that the threat of retaliation was imminent."  *Jenner*, 123 Fed. Appx at *3.  In fact, he indicates that he "walked away" from the Peer I program before any act of retaliation could be carried out against him.  Under these circumstances, the trial court properly dismissed Mr. Harrison's Third Claim for Relief.

## Conclusion

Mr. Harrison failed to state a viable claim against the University or its employees. The University respectfully requests that the Court affirm the trial court's dismissal of his Second Amended Complaint.

Respectfully submitted on this 27th day of May, 2009:

OFFICE OF UNIVERSITY COUNSEL

*/s  Patrick T. O'Rourke*

_____

Patrick T. O'Rourke
Office of University Counsel
1800 Grant Street, Suite 700
Denver, Colorado 80203
Patrick.orourke@cu.edu

*Attorneys for Defendants-Appellees*

## Certificate of Compliance

I certify that I used the word count feature of Microsoft Word 2007 to count the number of words in this brief, including footnotes.  The brief, exclusive of the Corporate Disclosure Certificate, Table of Contents, and Table of Authorities contains 3989 words.  The brief has been prepared using 14 point Perpetua font.

OFFICE OF UNIVERSITY COUNSEL

*/s  Patrick T. O'Rourke*

_____

Patrick T. O'Rourke

## Certificate of Service

I hereby certify that on this 27th day of May, 2009, I filed the foregoing **APPELLEE'S ANSWER BRIEF** via e-submission and delivery of the original and 7 copies to the Clerk of the Court and served the foregoing by placing a copy in the U.S. Mail postage paid and addressed to:

Thurman Harrison, Jr.
#47608 Unit 2F5
Fremont Correctional Facility
P.O. Box 999
Canon City, CO 81215-0999

*/s  Shirleen Jahraus*
_____